UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RODOLFO RODRIGUES, <br> TDCJ No. 01404233, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § § | SA-18-CA-0212-FB |

## MEMORANDUM OPINION AND ORDER

Before the court are *pro se* petitioner Rodolfo Rodriguez's petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 3), respondent's answer (ECF No. 21), and petitioner's reply thereto (ECF No. 25). Having reviewed the record and pleadings submitted by both parties, the court concludes petitioner is not entitled to federal habeas corpus relief under the standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2254(d). Petitioner is also denied a certificate of appealability.

### I. Background

In November 2006, petitioner pleaded *nolo contendere* to one count of aggravated assault with a deadly weapon and was sentenced to ten years of imprisonment pursuant to the plea agreement. *State v. Rodriguez*, No. 2004-CR-3716 (379th Dist. Ct., Bexar Cnty., Tex. Nov. 1, 2006); ECF No. 22-3 at 4 (plea bargain); ECF No. 22-5 at 5 (judgment). He did not appeal this conviction and sentence. On April 23, 2012, petitioner was released on parole. ECF No. 22-6 at 4. However, on September 19, 2016, petitioner's parole was revoked because he was convicted of possession of a firearm by a felon in cause number 2016-CR-3888 in the 144th Judicial

District Court of Bexar County. *Id.* at 5. When petitioner was returned to TDCJ custody ten days later, he lost all street-time credits (three years, nine months, and nine days) earned during his release due to his aggravated assault conviction. *Id.*

On November 4, 2016, petitioner filed a time dispute resolution form with TDCJ. Roughly two months later, petitioner was advised by TDCJ that only the judge could award him with additional credit for time spent in Bexar County on parole and that TDCJ could not alter his record without a court order. *Id.* Petitioner then filed a state application for habeas corpus relief on July 26, 2017, arguing that he had already completed his ten-year sentence. ECF No. 22-2 at 7, 13. The Texas Court of Criminal Appeals denied Petitioner's state application without written order on January 24, 2018. ECF No. 22-1. Petitioner placed the instant federal habeas petition in the prison mail system on January 29, 2018, raising the following allegations: (1) he should not have lost the "street time" he accrued while on parole; (2) the trial court violated his rights by taking his street time and by refusing to respond to his filings in a timely fashion; and (3) the trial court made false claims concerning his filing a time resolution form. ECF No. 3 at 6-7, 10.

## II. <u>Standard of Review</u>

Petitioner's federal habeas petition is governed by the heightened standard of review provided by the AEDPA. 28 U.S.C.A. § 2254. Under § 2254(d), a petitioner may not obtain federal habeas corpus relief on any claim that was adjudicated on the merits in state court proceedings, unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state

court proceeding. *Brown v. Payton*, 544 U.S. 133, 141 (2005). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Richter*, 562 U.S. at 102. Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

## III. Analysis

### A. Exhaustion and Procedural Default

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. 28 U.S.C. § 2254(b); *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008) ("To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal claim to the highest state court."). Respondent contends that all three of petitioner's allegations are unexhausted and thus procedurally barred from federal habeas corpus relief. (ECF No. 21 at 6). Although petitioner's first claim (challenging the loss of street time) is not worded the same as the allegation he raised during his state habeas proceedings (arguing his sentence was discharged), the argument is the same—petitioner believes he should not have lost his street time and that his sentence should be considered discharged. Thus, the claim is exhausted pursuant to § 2254(b). However, the record confirms that petitioner has not fairly presented his second or third allegations in state court before seeking federal habeas corpus review. Because these claims are being presented for the first time in this federal habeas proceeding, they are unexhausted under § 2254(b) and procedurally barred from federal habeas review.

"A procedural default ... occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citation and internal quotation marks omitted). Petitioner failed to exhaust state court remedies with regard to claims two and three raised in his federal habeas petition. Should this court require him to return to state court to satisfy the exhaustion

## III. Analysis

### A. Exhaustion and Procedural Default

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. 28 U.S.C. § 2254(b); *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008) ("To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal claim to the highest state court."). Respondent contends that all three of petitioner's allegations are unexhausted and thus procedurally barred from federal habeas corpus relief. (ECF No. 21 at 6). Although petitioner's first claim (challenging the loss of street time) is not worded the same as the allegation he raised during his state habeas proceedings (arguing his sentence was discharged), the argument is the same—petitioner believes he should not have lost his street time and that his sentence should be considered discharged. Thus, the claim is exhausted pursuant to § 2254(b). However, the record confirms that petitioner has not fairly presented his second or third allegations in state court before seeking federal habeas corpus review. Because these claims are being presented for the first time in this federal habeas proceeding, they are unexhausted under § 2254(b) and procedurally barred from federal habeas review.

"A procedural default ... occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citation and internal quotation marks omitted). Petitioner failed to exhaust state court remedies with regard to claims two and three raised in his federal habeas petition. Should this court require him to return to state court to satisfy the exhaustion

## III. Analysis

### A. Exhaustion and Procedural Default

Before seeking review in federal court, a habeas corpus petitioner must first present his claims in state court and exhaust all state court remedies through proper adjudication on the merits. 28 U.S.C. § 2254(b); *Ries v. Quarterman*, 522 F.3d 517, 523 (5th Cir. 2008) ("To satisfy the exhaustion requirement, the petitioner must fairly present the substance of his federal claim to the highest state court."). Respondent contends that all three of petitioner's allegations are unexhausted and thus procedurally barred from federal habeas corpus relief. (ECF No. 21 at 6). Although petitioner's first claim (challenging the loss of street time) is not worded the same as the allegation he raised during his state habeas proceedings (arguing his sentence was discharged), the argument is the same—petitioner believes he should not have lost his street time and that his sentence should be considered discharged. Thus, the claim is exhausted pursuant to § 2254(b). However, the record confirms that petitioner has not fairly presented his second or third allegations in state court before seeking federal habeas corpus review. Because these claims are being presented for the first time in this federal habeas proceeding, they are unexhausted under § 2254(b) and procedurally barred from federal habeas review.

"A procedural default ... occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997) (citation and internal quotation marks omitted). Petitioner failed to exhaust state court remedies with regard to claims two and three raised in his federal habeas petition. Should this court require him to return to state court to satisfy the exhaustion

requirement with the Texas Court of Criminal Appeals, that court would find the claims procedurally barred under the abuse of the writ doctrine found in Article 11.07 § 4 of the Texas Code of Criminal Procedure. Because Texas would likely bar another habeas corpus application by petitioner, he has committed a procedural default that is sufficient to bar federal habeas corpus review. *See, e.g., Bagwell v. Dretke*, 372 F.3d 748, 755-56 (5th Cir. 2004) (holding a petitioner procedurally defaulted by failing to "fairly present" a claim to the state courts in his state habeas corpus application); *Smith v. Cockrell*, 311 F.3d 661, 684 (5th Cir. 2002) (holding unexhausted claims were procedurally barred); *Jones v. Johnson*, 171 F.3d 270, 276-77 (5th Cir. 1999) (same).

Consequently, petitioner is precluded from federal habeas review of these claims unless he can show cause for the default and resulting prejudice, or demonstrate that the court's failure to consider his claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Barrientes v. Johnson*, 221 F.3d 741, 758 (5th Cir. 2000). Petitioner has made no attempt to demonstrate cause and prejudice for his failure to raise these claims in state court. Nor has he made any attempt to demonstrate that the court's dismissal of these claims will result in a "fundamental miscarriage of justice." Thus, circuit precedent compels the denial of petitioner's second and third claims as procedurally defaulted.

**B.      Street Time Credit**

Petitioner argues he is entitled to credit for the time he spent on parole, also known as "street time." Despite petitioner's argument, the law in this circuit firmly establishes that time spent on parole or mandatory supervision does not operate to reduce the sentence of a parole or mandatory supervision violator returned to prison. The courts have consistently held that by

violating parole or mandatory supervision, a prisoner forfeits all credit of good conduct time accumulated prior to release and all credit for time on parole or mandatory supervision. *See Cortinas v. United States Parole Comm'n*, 938 F.2d 43 (5th Cir. 1991); *Munguia v. United States Parole Comm'n*, 871 F.2d 517, 521 (5th Cir. 1989); *United States v. Newton*, 698 F.2d 770, 772 (5th Cir. 1983); *Starnes v. Cornett*, 464 F.2d 524 (5th Cir. 1972). Thus, petitioner has no federal constitutional right to reduction of his sentence for time spent on parole or mandatory supervision. Additionally, the court notes parole and mandatory supervision conditions are not additional to, but rather part of, the original sentence. *See Coronado v. United States Board of Parole*, 540 F.2d 216, 218 (5th Cir. 1976); *Sturgis v. United States*, 419 F.2d 390 (5th Cir. 1969). Petitioner is not being forced to serve more than his ten-year sentence. Petitioner violated the terms of his supervision, and as a result, lost any credit for the time he spent on parole.

Petitioner is also not entitled to his street-time credit based on Texas law governing parole and mandatory supervision. The Texas parole statute in effect at the time the controlling offense was committed provides in relevant part:

> If a parole panel revokes the person's parole, the panel may require the person to serve the remaining portion of the person's sentence in the institutional division. The remaining portion of the person's sentence is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.156(e) (West 2006). Accordingly, petitioner was never entitled to receive a reduction of his sentence for the time he spent on parole. Indeed, petitioner does not deny he received notice prior to his release on parole that he would not receive credit for the time spent on parole if his parole was revoked.

Furthermore, the Texas statute addressing street time credit in effect at the time of petitioner's revocation in 2016, read in pertinent part:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(b) (West 2016). In other words, an inmate serving a sentence for, or previously convicted of, a crime described in section 508.149(a) of the Texas Government Code is not entitled to restoration of street-time credit. In this case, petitioner had been convicted of aggravated assault with a deadly weapon prior to his revocation, which is one of the offenses listed in section 508.149(a) of the Texas Government Code. *See* Tex. Gov't Code § 508.149(a)(1), (7). Because petitioner was a person described in § 508.149(a) at the time of his parole revocation, he was not entitled to street-time credit pursuant to § 508.283(b) for time spent on parole prior to revocation.

As a result, having independently reviewed the entire state court record, this court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

## IV. Certificate of Appealability

The court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El,* 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler,* 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the court concludes that jurists of reason would not debate the conclusion that petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

### V. Conclusion

After careful consideration, the court concludes that two of petitioner's allegations (claims 2 and 3) are unexhausted and thus procedurally barred from federal habeas relief. For the lone remaining allegation that was properly exhausted (claim 1), Petitioner has failed to establish that the state court's rejection of the claim on the merits during his state habeas corpus proceedings was either (1) contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the petitioner's state habeas corpus proceedings. As a result, petitioner's federal habeas corpus petition does not warrant federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Rodolfo Rodrigues's § 2254 petition (ECF No. 3) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the  25th  day of October, 2018.

                                                FRED BIERY
                                                UNITED STATES DISTRICT JUDGE